Lbebman, J.,
delivered the opinion of the court:
This bill is filed, claiming that a certain conveyance of land was a mortgage, and asking to redeem on that basis.
The facts to be stated are, that complainant had been negotiating for the tract of land, but had not the money to pay for it. Mrs. Wood was applied to for the money as a loan, and personal secnrity probably offered for the amount, which was $535. She, however, preferred to have the land conveyed to- her upon the terms hereinafter stated, and a written agreement to that effect was entered into and signed by Cunningham, together with one Balderson, who had agreed to take half the land. He need not be further noticed, as he has abandoned all claim to the land. This agreement was, substantially, as follows: Mrs. Wood agreed that she would permit'the parties to enter on the land, and if they should pay her the $535, with interest, in two years from that date, then she would convey and re *131 lease the title to them, ox either of them. But it was expressly stipulated, that in case of failure to pay the money, with interest, by the 6th of January, 1811, the parties were to surrender immediate possession of all improvements thereon, without any claim for pay for such improvements, or labor done on the premises, which should go' to Mrs. Wood.
It was further agreed that this paper was to be left with .Messrs. Marley & Steele, attorneys, at Bipley, Tenn., who were to hold it; and then it was further stipulated that it was not to have any effect, nor give the said Cunningham and JBalderson any right whatever to the land, unless the money, with interest, was paid hy the time specified, the same to remain with them as an escrow, and Marley & Steele were to deliver this contract to Mrs. Wood, in case of failure to pay the money, and she taike immediate possession of the land.
We need not go into the doctrine of mortgages and conditional sales for the solution of this case. It is clear, complainant has, hy the terms of his contract, made all his rights dependent upon the performance of his agreement to pay the money. If he has not made an unmistakable contract to this effect, he could not do so. The fact that Mrs. Wood was lenient to him, and was willing, after the failure, to extend the ¿ime in which she should receive her money, cannot, after the terms of the contract, be held a waiver of the stipulations in her favor. Complainant has failed to either pay the money or even tender it with his hill, but asks a sale of the land, and that he have the surplus after paying Mrs. Wood. It is too- clear for argument that he is not entitled to this relief.
The chancellor so held, and we affirm his decree, dismissing the bill, with costs.